UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUISA FERNANDA BOHORQUEZ MURCIA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:25-cv-01825-TWP-TAB |
| NATASHA DOUGLASS Jail Commander and Warden, Clinton County Jail, SAMUEL OLSON Chicago Field Office Director, ICE Enforcement and Removal Operations, TODD LYONS Acting Director, U.S. Immigration and Customs Enforcement, KRISTI NOEM Secretary, U.S. Department of Homeland Security, | ) |
| Respondents. | ) |

**ORDER GRANTING MOTION TO RECONSIDER, VACATING FINAL JUDGMENT, GRANTING WRIT OF HABEAS CORPUS, AND ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Luisa Fernanda Bohorquez Murcia's ("Murcia") Motion for Reconsideration. (Dkt. 15). Murcia, a Colombian national, initiated this action seeking habeas, declaratory, and injunctive relief to find that Respondents Natasha Douglass, Samuel Olson, Todd Lyons, and Kristi Noem's (collectively, "Respondents") actions in prolonging her detention are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. (Dkt. 1). For the reasons explained below, Murcia's motion to reconsider is **granted**, and the Court **vacates** its prior entry of final judgment and **grants** Murcia's petition for writ of habeas corpus.

**I.    BACKGROUND**

Murcia has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since she entered the United States without valid entry documents in February 2024, and she has been subject to a final order of removal since February 2025. (Dkt. 1-1). On September 12, 2025,

Murcia petitioned for a writ of habeas corpus, asserting—among other arguments—that her continued detention by ICE violates her Fifth Amendment due process rights because she is not likely to be removed in the reasonably foreseeable future. (Dkt. 1); *see Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court denied the petition on September 26, 2025, based on the Respondents' submission of an affidavit attesting that Murcia was scheduled to depart the United States for Bolivia only three days later. (Dkt. 9-1 ¶ 16; Dkt. 10). However, that deportation did not occur.

On October 27, 2025, Murcia filed a Motion for Reconsideration of the denial of her petition, stating that she remains confined at the Clinton County Jail. (Dkt. 15). She reiterates her argument that her continued detention is unlawful because her removal is not reasonably foreseeable. (Dkt. 15 at 5–6 (citing *Zadvydas*, 533 U.S. at 701)). Shortly thereafter, the Court issued a show cause order to Respondents, including the following instructions: "The Respondents have **through Friday, October 31, 2025**, to **respond** to the Motion To Reconsider and **SHOW CAUSE** why the Court should not grant the relief requested in Murcia's habeas petition" and "**SHOW CAUSE** for the discrepancy between their representations to the Court and the facts." (Dkt. 16 at 3 (emphases in original)).

Respondents responded to the show cause order on October 31, 2025. (Dkt. 17). Respondents admit that Murcia has not been removed from the United States and that she remains in custody at the Clinton County Jail. *Id*. However, despite the Court's unambiguous instructions, the Respondents' response did not address the legality of Murcia's detention, or why the Court should not grant her immediate release. Instead, Respondents devote the entirety of their response to explaining the disconnect between their original representation to the Court and the reality that unfolded.[1]

---

[1] Respondents now assert that Murcia cannot be removed to Bolivia, but that the State Department "is working on" removal to two other countries. (Dkt. 17 at 2).

2

## II.    LEGAL STANDARDS

### A.    Motions for Reconsideration

Motions for reconsideration of a final judgment fall within the ambit of either Federal Rule of Civil Procedure 59(e) or 60(b). The Seventh Circuit permits the courts to construe such motions as having been filed pursuant to Rule 59(e) or Rule 60(b) when they challenge the merits of a district court's decision to ensure that claims are heard on their substance rather than dismissed on procedural grounds. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Under Rule 59(e), the Court may alter or amend a judgment to correct clear error, account for newly discovered evidence, or prevent manifest injustice. *Id.* at 493–94. Alternatively, Rule 60(b) permits relief from a judgment for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

### B.    Writ of Habeas Corpus

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    DISCUSSION

Murcia argues that the misstatements in the Declaration of Supervisory Detention Deportation Officer Carly A. Schilling, and the newly discovered evidence that Murcia remains in the U.S. in custody, "separately and together provide a sufficient basis for relief under both Rule 59 and 60." (Dkt. 15 at 4). The Court agrees. The Court denied Murcia's petition in reliance on the declaration by detention officer Schilling that Murcia's removal was not only reasonably foreseeable, but scheduled in just three days and imminent. (Dkt. 10). Respondents' assertion that removal would occur imminently (Dkt. 9-1) has proven false. In their response to the show cause

order, Respondents admit that they were mistaken and that Murcia's continued detention is newly discovered evidence. (Dkts. 17-1, 17-2). Accordingly, reconsideration is warranted.

The Court is also persuaded that it must grant Murcia's request for a writ of habeas corpus. After the 90-day period immediately following a final order of removal, detention under 8 U.S.C. § 1231 is permissible only for the purpose of facilitating removal. *Zadvydas*, 533 U.S. at 697. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Detention is presumptively constitutional for six months. *Id.* at 700–01. Afterward, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Murcia has provided reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. She has been subject to a final removal order for over eight months now; she has not been removed; and Respondents have not tendered any evidence of plans to remove Murcia in the reasonably foreseeable future. Respondents have not even attempted to rebut Murcia's showing. It is undisputed that Murcia's "removal is no longer reasonably foreseeable, and continued detention is no longer authorized by" § 1231d, as it violates the Fifth Amendment. *Zadvydas*, 533 U.S. at 699. Because Murcia is in custody contrary to the Constitution and laws of the United States, 8 U.S.C. § 2241(c)(3), her petition must be **granted**, and she must be **released**.

### IV.    CONCLUSION

Murcia has provided reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future. In view of the parties' filings, the Court now issues the following orders.

1. Murcia's Motion for Reconsideration, Dkt. [15], is **GRANTED**.

2. The Court **VACATES** the final judgment, Dkt. [11], entered September 26, 2025.

3. Murcia's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory Relief, Dkt. [1], is **GRANTED**.[2] The Court **DECLARES** that Murcia's continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), 5 U.S.C. § 706(2)(A), and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

4. Respondents will have **48 hours to CERTIFY** that Murcia has been released from detention.

5. Respondents have not shown cause why the Court should not grant the relief requested in Murcia's habeas petition. However, they have shown cause for the discrepancy between their representations to the Court that Murcia's removal was imminent, and the facts. Therefore, the Court will **DISCHARGE** the show cause order.

6. Murcia's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, and on any other basis justified under law, *see* Dkt. 1 at 17, must be presented in a proper motion under Federal rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have **14 days** to respond.

7. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 11/4/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

---

[2] Because Murcia has prevailed on her writ, the Court need not address or grant her request for injunctive relief.

Kristen Elizabeth Coffey
Panyard Holton Immigration LLC
kristen@panyardholtonimmigration.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

Natasha Douglass, *pro se*
Commander and warden, Clinton County Jail